NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESHAWNTE BUCK WADE, | No.    15-55117 |
| Petitioner-Appellant, | D.C. No.<br>2:13-cv-06060-DMG-JCG |
| v. | |
| NEIL McDOWELL, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 8, 2016
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and KORMAN,** District Judge.

Deshawnte Wade appeals the district court's denial of his habeas petition

under 28 U.S.C. § 2254.[1]  Reviewing de novo, *Zapata v. Vasquez*, 788 F.3d 1106,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

[1] We granted Wade's request for a certificate of appealability on the issues of "(1)
whether trial counsel rendered ineffective assistance by failing to object to the

1111 (9th Cir. 2015), we affirm.

1. Wade was convicted following a jury trial of involuntary manslaughter and assault on a child causing death. He now argues that his trial counsel was ineffective by failing to object to the admissibility of shaken baby syndrome evidence. To succeed, Wade must show both 1) deficiency, that his counsel's performance fell below an objective standard of reasonableness; and, 2) prejudice, that there was a reasonable probability that but for the deficiency the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Wade's claim was adjudicated on the merits in state court and, under the Antiterrorism and Effective Death Penalty Act (AEDPA), he must also show that the state court's decision was "contrary to, or involved an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

The state trial court ruled on Wade's ineffective assistance of counsel claim, concluding that "Petitioner has failed as to demonstrate [sic] that but for counsel's alleged ineffectiveness, the result at trail [sic] would have been more favorable." The California Court of Appeal and the California Supreme Court summarily

introduction of expert medical testimony concerning shaken baby syndrome; and (2) whether sufficient evidence was presented at trial to sustain appellant's convictions for inflicting a traumatic injury on a child causing death."

2

denied his subsequent petitions, so we "look through" the summary denials to this earlier, reasoned decision by the trial court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991).

Wade argues that the state court's decision was contrary to the clearly established law of *Strickland* because the state court reasoned that "but for" counsel's ineffectiveness, the result "would have been more favorable." This misstated *Strickland*'s standard which requires only a reasonable probability of a different outcome. 466 U.S. at 694. If the state court's decision was contrary to *Strickland*, we must "resolve the claim without the deference AEDPA otherwise requires." *See Panetti v. Quarterman*, 551 U.S. 930, 953 (2007).

We need not decide whether the state court's decision was contrary to *Strickland* because even under de novo review, Wade's claim for ineffective assistance of counsel fails. Wade cannot show that at the time of his trial, shaken baby syndrome evidence lacked general acceptance in the scientific community such that the evidence must have been excluded entirely.[2] As a result, he cannot

---

[2] At the time of his trial, new scientific evidence could not be introduced absent a showing "first, that the reliability of the new technique has gained general acceptance in the relevant scientific community, second, that the expert testifying to that effect is qualified to do so, and, third, that correct scientific procedures were used in the particular case." *People v. Roybal*, 19 Cal. 4th 481, 505 (1998)

show that an objection on this basis had a reasonable probability of success and therefore can show neither deficiency, *see Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996), nor prejudice, *see Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012). Wade identifies no cases in which shaken baby syndrome evidence was excluded in its entirety. As the California Court of Appeal noted well after Wade's trial, shaken baby syndrome evidence "is routinely admitted and has never been excluded in a California case." *People v. Harper*, No. C066337, 2012 WL 487088, at \*8 (Feb. 15, 2012). Given that shaken baby syndrome evidence was controversial but routinely admitted at the time of Wade's trial, his counsel was not ineffective for focusing on vigorous cross-examination of the state's experts and presenting competing expert testimony in the defense case.

2. Wade also argues that the state court of appeal was objectively unreasonable in denying his sufficiency of the evidence claim. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012). First, the state court on direct

---

(defining "the *Kelly-Frye* rule"). The state argues that shaken baby syndrome evidence was not a new scientific technique and therefore was not subject to the *Kelly-Frye* rule at all, but we need not reach this argument.

4

review may have only set aside the jury's verdict on the grounds of insufficient evidence if no rational trier of fact could have agreed with the jury, *id.*, and the "assessment of the credibility of witnesses is generally beyond the scope of review," *Schlup v. Delo*, 513 U.S. 298, 330 (1995). Second, a federal court on habeas review may only overturn a state court decision on the merits if it was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

Wade fails to meet this high bar. Extensive expert medical testimony pointed to Wade as causing the child's death. We may not reweigh the expert testimony to reach a different conclusion. *See Cavazos v. Smith*, 565 U.S. 1, 8 (2011) (reversing an appeals court for holding that a defendant had proven a *Jackson* claim after an analogous battle of the experts on shaken baby syndrome evidence). Furthermore, the state presented significant circumstantial evidence, including that Wade appeared worried when he was found with the injured child and that his explanation that the child had choked on a penny was undermined by forensic evidence. Accordingly, the district court did not err by denying Wade's habeas petition under 28 U.S.C. § 2254.

**AFFIRMED.**

5